# **<u>EXHIBIT A</u>**

Person/Attorney Filing: Kevin Garrison
Mailing Address: 7972 W. Thunderbird Road, Suite 107
City, State, Zip Code: Peoria, AZ 85381
Phone Number: (623)915-1100
E-Mail Address: Kevin@garrisonlawfirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011860, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Michael Kosters
Plaintiff(s),                              Case No.   S8015CV202100067
v.
Safeway Inc., et al.                       **SUMMONS**
Defendant(s).

To: Safeway Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*January 20, 2021*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*ATUGMAN*
Deputy Clerk



Person/Attorney Filing: Kevin Garrison
Mailing Address: 7972 W. Thunderbird Road, Suite 107
City, State, Zip Code: Peoria, AZ 85381
Phone Number: (623)915-1100
E-Mail Address: Kevin@garrisonlawfirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011860, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Michael Kosters
Plaintiff(s),
v.
Safeway Inc., et al.
Defendant(s).

Case No.   S8015CV202100067

**SUMMONS**

To: LandL, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*January 20, 2021*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*ATUGMAN*
Deputy Clerk



FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
01/20/2021 10:36AM
BY: ATUGMAN
DEPUTY

Case No.: S8015CV202100067
HON. LEE JANTZEN

1  Kevin Garrison SB# 011860
   Stephen J. Martin SB# 033962
2  **GARRISON LAW FIRM**
   7972 W. Thunderbird Road, Suite 107
3  Peoria, AZ 85381
4  Telephone: (623) 915-1100
   Fax: (623) 435-8676
5  Attorneys for Plaintiff
   steve@garrisonlawfirm.com
6  kevin@garrisonlawfirm.com
7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
                  **IN AND FOR THE COUNTY OF MOHAVE**
9

10  MICHAEL KOSTERS, surviving son of        )  No:
    DOLLIE KOSTERS, deceased; individually and )
11  on behalf of all other statutory beneficiaries )
                    Plaintiff,                 )
12                                             )  **COMPLAINT**
                      v.                       )
13                                             )
14  SAFEWAY INC. a foreign corporation        )
    LANDL, LLC a foreign corporation          )
15  JOHN DOES AND JANE DOES 1-10              )
    ABC CORPORATIONS 1-10                     )
16  XYZ PARTNERSHIPS 1-10                     )
                    Defendants                 )
17                                             )
18  _____

19  1.    Plaintiff Michael Kosters is a resident of Mohave County Arizona.

20  2.    Plaintiff Michael Kosters is the surviving son of Dollie Kosters, deceased.   Dollie
21
    Kosters was 80 years old at the time of her death. Pursuant to Arizona Wrongful Death statutes
22
23  ARS 12-612, Plaintiff Michael Kosters is a proper person to maintain the action for the death of

24  his Mother.  Plaintiff Michael Kosters brings this action pursuant to Arizona Revised Statutes

25  Section 12-612 individually, for himself and also for other proper statutory beneficiary Debra
26
    Metsker.
27
                                                                                              1
28

3.     Safeway Inc. upon information and belief is a foreign corporation, doing business throughout the State of Arizona as Safeway Grocery Stores.  One of Defendant's stores is located at 3970 N. Stockton Hill Road, Kingman, AZ 86402.  Upon information band belief, at all times herein alleged Safeway Inc. was the owner/operator of the Safeway Grocery Store located at 3970 N. Stockton Hill Road, Kingman, AZ 86402 within the Safeway Plaza located at 3930 to 3990 N. Stockton Hill Road.  Upon information and belief Safeway Inc. also owned the parking lot in front of the Safeway Grocery Store.  This parcel of land is more particularly identified as Section: 6 Township: 21N Range: 16W Tract: 1973-A Safeway Store #1887 Lot 1 320-03-200(320-34-001 Thru 005, RDS & REM PROP 320-03-210) Tax YR 2004.  Safeway Inc. was responsible for, *inter alia*, the business premises including the parking lot, monitoring, oversight and safety of customers of Safeway located at 3970 N. Stockton Hill Road, Kingman, AZ 86402.  Defendant Safeway Inc. owned, managed, established and enforced rules and policies for, controlled directed and oversaw operations and management of the Safeway Grocery Store located at 3970 N. Stockton Hill Road Kingman, AZ 86402.

4.     Defendant Safeway Inc. carries out its operations through its employees, agents, representatives and contractors and is vicariously liable for any negligent act of its employees, agents, representatives, or contractors.  Defendant Safeway Inc. owed to Plaintiff a non-delegable duty to keep the business premises safe, including the parking lot land identified as Section 6: Township: 21N Range: 16W Tract: 1973-A Safeway Store #1887 Lot 1 320-03-200(320-34-001 Thru 005, RDS & REM PROP 320-03-210) Tax YR 2004 safe and to monitor all customers both inside and outside of the store. Defendant Safeway Inc. is a business under a

2

duty to exercise due and reasonable care toward its customers who were invitees and to protect their customer invitees from harm whether or not such harm may occur inside or outside the premises.  Safeway Inc. is responsible for the acts or omissions of its employees, agents, representatives, or contractors.

5.      Upon information and belief Safeway Inc. also exercised control over a parcel of the parking lot identified as Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004. This parcel is adjacent to the parcel owned by Safeway Inc. identified in paragraph 3 above.  This parcel is owned by Defendant LANDL LLC.

6.      It is a reasonably foreseeable event that a customer of the Safeway Grocery Store located at 3970 N. Stockton Hill Road, Kingman, AZ 86402 may be accosted in the parking lot at night. The non-delegable duty of due and reasonable care of business owners and land owners such as Safeway Inc. includes the duty to ensure that customers who shop at the Safeway Grocery Store have safe ingress and egress to the store and that adequate security is maintained for their safety.

7.      The duty of due and reasonable care of a business such as the Safeway Grocery Store located at 3970 N. Stockton Hill Road, Kingman, AZ 86402  includes the duty to do a proper security risk assessment of its premises and surroundings.

8.      Defendant LandL, LLC is upon information and belief is a Nevada limited liability Corporation who at all times herein alleged was the owner of a parcel of the parking lot located at the Safeway Plaza, a large plaza mall located at 3930 to 3990 N. Stockton Hill Road,

3

Kingman, AZ 86402.  This parcel is adjacent to and immediately south of the parcel owned by Safeway Inc.  This parcel is specifically identified as Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.  The Safeway Plaza included numerous businesses including the Safeway Grocery Store owned by Defendant Safeway Inc.  Upon information and belief LandL, LLC, in addition to owning land in the Safeway Plaza parking lot was conducting business as a landlord of some of the tenants of the Safeway Plaza.  LandL, LLC carries out its operations through its employees, agents, representatives or contractors and is vicariously liable for the acts and/or omissions of its employees, agents, representatives or contractors.

9.     Defendant LandL, LLC, was responsible for the premises, maintenance, repair, monitoring, upkeep, oversight, safety, security and warning of the conditions on the premises of the Safeway Plaza parking lot parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.   Defendant LandL, LLC owed to Plaintiff a non-delegable duty to keep the premises of the Safeway Plaza parking lot parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 safe.  Defendant LandL, LLC is responsible and vicariously liable for the acts of its employees, agents, representatives, or contractors.

10.    Upon information and belief Defendant LandL, LLC allowed Safeway Inc. use and control over parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX

4

YR 2004 as part of Safeway Inc's operating its Grocery Store and carrying out its business operations.

11.     Upon information and belief Parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 owned by Defendant LandL, LLC was a common area to the tenants of the Safeway Plaza located at 3930-3990 N. Stockton Hill Road, Kingman, AZ 86402 and where customers of the Safeway Grocery Store would sometimes park.

12.     It is a reasonably foreseeable event that a customer of the Safeway Grocery Store or any of the other tenants of the Safeway Plaza parking lot located at 3930-3990 N. Stockton Hill Road, Kingman, AZ 86402 may be accosted in the parking lot in the area of parcels number Section: 6 Township: 21N Range: 16W Tract: 1973-A Safeway Store #1887 Lot 1 320-03-200(320-34-001 Thru 005, RDS & REM PROP 320-03-210) Tax YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 at night.  The non-delegable duty of due and reasonable care of landowners such as LandL, LLC and Safeway Inc. includes the duty to ensure that customers who shop at the Safeway Grocery Store have safe ingress and egress to the store and that adequate security is maintained for their safety.

13.     The non delegable duty of due and reasonable care of a landowners such as LandL, LLC and Safeway Inc. includes the duty to do a proper security risk assessment of its premises and surroundings.

5

14.     Defendant ABC Corporation 1 is upon information and belief a corporation, conducting business in the State of Arizona as a property management company.  Upon information and belief at all times herein alleged Defendant ABC Corporation 1 was the property manager of the Safeway Plaza located at 3930 to 3990 N. Stockton Hill Road, Kingman, AZ 86402.

15.     Defendant ABC Corporation 1 carries out its operations through its employees, agents, representatives and contractors and is vicariously liable for any negligent acts or omissions of its employees, agents, representatives, or contractors.

16.     Defendant ABC Corporation 1 owed to Plaintiff a non-delegable duty to keep the premises at 3930 to 3990 N. Stockton Hill Road, Kingman, AZ 86402 safe and to properly hire, employ or contract with those that would provide safety and security for the parking lot of the Safeway Plaza, including customers of Safeway.  ABC Corporation 1 is responsible and vicariously liable for the acts and/or omissions of its employees, agents, representatives, or contractors.

17.     As the owners, or entities in control of the parking lot where the subject incident occurred, Defendants Safeway Inc., LandL, LLC and ABC Corporation 1 assumed a duty of care to manage and control the subject premises in a manner which reasonably would provide for the safety of customers and prevent exposing customers to dangerous conditions of which these Defendants were aware, or reasonably should have been aware.  *Martinez v. Woodmar IV Condominiums Homeowners Association*, 189 Ariz. 206, 941 P.2d 218 (1997).

18.     The types of dangerous conditions which Defendants Safeway Inc., LandL, LLC and ABC Corporation 1 were duty-bound to reasonably ameliorate, for the safety of customers or

6

members of the public, included the inherent dangerous of criminal conduct which had existed in the vicinity and on their property for months and years prior to the vicious attack on Dollie Kosters. *Martinez v. Woodmar IV Condominiums Homeowners Association*, 189 Ariz. 206, 941 P.2d 218 (1997); *Robertson v. Sixpence Inns*, 163 Ariz. 539, 544, 789 P.2d 1040, 1045 (1990).

19.     John Does and Jane Does 1-10 are fictitiously named individuals whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.  These fictitiously named Defendants were acting in furtherance of their marital communities.  These Defendants are sued under a fictitious name until their true identify becomes known.

20.     ABC Corporations 1-10 are corporations existing under the laws of an unknown jurisdiction whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.

21.     XYZ Partnerships 1-10 are partnerships existing under the laws of an unknown jurisdiction whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.

22.     All events herein alleged took place within Mohave County Arizona and each Defendant has caused an event to occur in this county out of which Plaintiff's claims arise.

23.     Prior to January 23, 2019 Defendants LandL, LLC and ABC Corporation 1 (through their respective principals, supervisors, managers, employees and/or agents) knew or should have known of the relatively high incidence of crime that had occurred historically over the preceding months and years in the vicinity of their property and even on the premises which Defendants LandL, LLC and ABC Corporation 1 owned and/or controlled.

7

24.     On January 23, 2019, Dollie Kosters was a customer and business invitee of Safeway Inc. Grocery Store located at 3970 N. Stockton Hill Road, Kingman, AZ 86402.  Upon information and belief Dollie Kosters parked her car in parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 of the Safeway Plaza parking lot and then walked north across parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 to enter the Safeway Grocery Store and do some shopping. At approximately 7:06 p.m., Dollie Kosters left the Safeway Grocery Store and walked south across parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and was walking in the parking lot of the Safeway Plaza returning to her car which was parked in parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 when she was attacked by an assailant.  Dollie Kosters was severely injured as a result of the incident and eventually died on February 25, 2019.  Upon information and belief, there was no security or warnings of any kind in the parking lot of the entire Safeway Plaza located at 3930 to 3990 including both parcel numbers Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004

8

at the time of the incident herein alleged.

25.     This case is a Tier 3 case pursuant to Arizona Rules of Civil Procedure Rule 26.2 (c)(3).

## COUNT 1 NEGLIGENCE OF ALL DEFENDANTS

26.     Plaintiff realleges paragraphs 1-25 as if here fully set forth.

27.     Prior to 7:06 p.m. on January 23, 2019, Defendants, Safeway Inc, LandL, LLC and ABC Corporation 1 knew or should have known that customers of the Safeway Grocery Store would enter and exit the store from the parking lot parcels number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.   Further, Defendants, Safeway, Inc., LandL, LLC and ABC Corporation 1 knew or should have known that the parking lot parcels numbers Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and the surrounding area was an area of known criminal activity which required some reasonable level of security.

28.     Prior to 7:06 p.m. on January 23, 2019, Defendants, Safeway Inc, LandL, LLC and ABC Corporation 1 and knew or should have known that the environment and location outside of Safeway Grocery Store at night created a situation that mandated proper monitoring, safety, and security in the Safeway Plaza parking lot including parcel numbers Section: 6 Township: 21N

9

Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.   Defendants Safeway Inc, LandL, LLC and ABC Corporation 1 on January 23, 2019 failed to properly assess, monitor and provide security and safety and in the Safeway Plaza parking lot parcel numbers Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.

29.     The above described facts without proper assessment, monitoring, safety, security or warning by Defendants constituted an unreasonably dangerous condition on the premises.

30.     As a landowner and grocery store operating within the State of Arizona opened to the public Defendant, Safeway Inc. owed Dollie Kosters, a customer invitee of the store, a non-delegable duty to provide her with a safe premises and safe place in which to park and shop. This duty included safe ingress and egress to and from the Safeway grocery store.  Defendant, Safeway Inc., owed Dollie Kosters a non-delegable duty to maintain a safe premises and surroundings free from dangerous conditions which could cause injury to Plaintiff.  Defendant, Safeway Inc, further owed Dollie Kosters a non-delegable duty to assess, the foreseeability of criminal activity and security required, inspect the property to discover conditions, which could be potentially dangerous and to correct such conditions and/or to warn about such dangerous

conditions existing on the property.

31.     As the property owner of a parcel of land located in the Safeway Plaza parking lot parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.  Defendant LandL, LLC owed Plaintiff Dollie Kosters, a customer of the Safeway Grocery Store, who parked her car in parcel number  Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 a non-delegable duty to provide her with a safe premises and safe place in which to park and shop, if Dollie Kosters chose to park her car in parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004.  Defendant LandL, LLC, owed Plaintiff a non-delegable duty to maintain a safe premises, free from hazards and defects which could cause injury to Plaintiff. Defendant LandL, LLC, further owed Plaintiff a non-delegable duty to inspect the property to discover hazards and defects, which could be potentially dangerous and to correct such defects and/or to warn about such dangerous conditions existing on the property.

32.     Defendant ABC Corporation 1 as the property manager of the Safeway Plaza where Safeway conducts its business owed Dollie Kosters, a customer of Safeway located within the Safeway Plaza, a non delegable duty to keep the premises of the Safeway Plaza parking lot safe.  Defendant ABC Corporation 1, further owed Plaintiff a non delegable duty to assess and

11

inspect the Safeway Plaza parking lot, to be knowledgeable about the risks to customers within the Safeway Plaza and to discover hazards and defects, which could be potentially dangerous and to correct such defects and/or to warn about such dangerous conditions existing on the property, and to ensure the safety and security of those customers of the businesses located in the Safeway Plaza parking lot.

33.    Defendant, Safeway Inc., breached its duty by creating a dangerous condition, allowing such dangerous condition to exist on its premises, failing to warn about the dangerous condition, failing to correct the dangerous condition, failing to provide adequate monitoring, security, and safety to customers outside the store and failing to warn Dollie Kosters, of the dangerous conditions existing on the premises.

34.    Defendant LandL, LLC, breached its duty by creating a dangerous condition, allowing such dangerous condition to exist on its premises, failing to correct the dangerous condition, failing to provide security for the parking lot of parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 Safeway Plaza or to ensure that Defendant Safeway Inc. and ABC Corporation 1 provided security for the Safeway Plaza parking lot, failing to properly make the area where Plaintiff was walking, had parked and was shopping safe, and by failing to warn Plaintiff Dollie Kosters of the dangerous condition existing on the premises.

12

35.    Defendant ABC Corporation 1 breached its duty by creating a dangerous condition, (failure to assess and provide safety and security to customers of the Safeway Plaza) allowing such dangerous condition to exist on the premises of the Safeway Plaza, failing to correct the dangerous condition, and failing to warn Plaintiff Dollie Kosters of the dangerous condition existing on the premises.

36.    Defendants Safeway Inc., LandL, LLC and ABC Corporation 1, through their respective principals, supervisors, managers, employees and/or agents, breached their duty of care by failing to take reasonable precautions or implement reasonable measures to address the inherent dangers of criminal conduct which had existed in the vicinity and on their property for months and years prior to the vicious attack on Dollie Kosters.

37.    Defendants Safeway Inc., LandL, LLC and ABC Corporation 1, through their respective principals, supervisors managers, employees and/or agents, also breached their duty of care by failing to adequately warn customers and members of the public regarding the relatively high incidence of crime which historically existed in the areas and even on the property which Defendants owned and/or controlled.

38.    Customers and members of the public, including Dollie Kosters, reasonably relied upon their assumption that Defendants Safeway Inc., LandL, LLC and ABC Corporation 1 would take reasonable precautions and implement reasonable measures to address any dangerous conditions which could harm individuals who lawfully entered the parking which Defendants owned and/or controlled.

13

39.     Defendants Safeway Inc., LandL, LLC and ABC Corporation 1, through their respective principals, supervisors, managers, employees and/or agents, breached their duty of care by willfully, recklessly, and/or negligently:

a. Failing to hire, adequately train, and/or retain competent security personnel to patrol the parking lot (which Defendants owned and/or controlled), monitor the safety of customers and members of the public on their premises, deter potential criminal conduct by their visible presence and/or alert police regarding suspicious activity;

b. Failing to adequately train employees or staff to watch for and respond to criminal attacks on customers or members of the public on the premises, including the parking lot; and/or

c. Failing to perform periodic risk assessments to determine safety concerns and evaluate the adequacy of any existing security measures, as well as the need for additional security measures, for the safety of customers and members of the public who lawfully enter the parking lot.

40.     Defendants Safeway Inc., LandL, LLC and ABC Corporation 1, through their respective principals, supervisors, managers, employees and/or agents, also breached their duty of care by failing to adequately warn customers and members of the public regarding the relatively high incidence of crime which historically existed in the areas and even on the property which Defendants owned and/or controlled.

41.     The incident causing injury to Plaintiff Dollie Kosters was proximately caused by the negligence of Defendants Safeway Inc, LandL, LLC and ABC Corporation 1 and the

14

employees, agents, servants, contractors, or representatives of Defendants Safeway Inc., LandL, LLC and ABC Corporation 1 who had actual or constructive notice of the unreasonable, dangerous, and hazardous conditions; failed to remedy the unreasonable, dangerous, and hazardous conditions; failed to adopt or implement policies to protect customers of Safeway Grocery Store and individuals who parked in parcel number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and failed to properly train and supervise its employees, agents, representatives or contractors; and failed to maintain reasonable safe condition in the operation and use of the Safeway Grocery Store and Safeway Plaza parking lot parcels number Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 and Section: 6 Township: 21N Range: 16W TRACT: 1973-A Safeway Store #1887 Lot 5 320-03-200(320-34-001 thru 005, RDS & REM PROP 320-03-210) TAX YR 2004 under the control of Safeway Inc, LandL, LLC, and ABC Corporation 1.

42.     As a direct and proximate result of the negligence of the Defendants Safeway Inc, LandL, LLC and ABC Corporation 1 Plaintiff Dollie Kosters was injured and such injuries resulted in her death.

43.     As a direct and proximate cause of the negligence of all Defendants, Plaintiff's decedent Dollie Kosters was killed. Plaintiff Michael Kosters has incurred funeral and burial expenses as a result of the death of Dollie Kosters. Plaintiff Michael Kosters and statutory beneficiary Debra Metsker, have been deprived of the love, care, compassion, and companionship of their Mother.

15

Plaintiffs Michael Kosters and statutory beneficiary Debra Metsker have suffered other wrongful death damages recognized under Arizona law, having regard to any jury finding of aggravating circumstances attending the wrongful act, neglect or default pursuant to Arizona Revised Statutes Section 12-613.

WHEREFORE, Plaintiffs, prays for damages against Defendants and each of them to compensate them for:

1. The loss of love, affection, companionship, care, protection and guidance since the death of Dollie Kosters and in the future.
2. The pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future.
3. The reasonable expenses of funeral and burial.
4. The costs of this action.
5. For such other and further relief and the court deems just and proper.

DATED this 20th day of January, 2021.

By:/s/Kevin Garrison
Kevin Garrison
Attorney for Plaintiff

16

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
01/20/2021 10:36AM
BY: ATUGMAN
DEPUTY

Case No.: S8015CV202100067
HON. LEE JANTZEN

Person/Attorney Filing: Kevin Garrison
Mailing Address: 7972 W. Thunderbird Road, Suite 107
City, State, Zip Code: Peoria, AZ 85381
Phone Number: (623)915-1100
E-Mail Address: Kevin@garrisonlawfirm.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011860, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

Michael Kosters
Plaintiff(s),

v.

Safeway Inc., et al.
Defendant(s).

Case No.

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Mohave County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Kevin Garrison /s/
        Plaintiff/Attorney for Plaintiff

Person/Attorney Filing: Kevin Garrison
Mailing Address: 7972 W. Thunderbird Road, Suite 107
City, State, Zip Code: Peoria, AZ 85381
Phone Number: (623)915-1100
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011860, Issuing State: AZ
Attorney E-Mail Address: Kevin@garrisonlawfirm.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MOHAVE

## Discovery Tier Level 3

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MOHAVE

**DATE:  FEBRUARY 18, 2021**

**S8015CV202100067**

## NOTICE RE: MOHAVE COUNTY ADMINISTRATIVE ORDER 2019-04

Plaintiff/Petitioner is hereby notified that service of the Summons and Complaint must be made upon all Defendants or adverse parties within ninety (90) days after the Complaint or Petition is filed or the case SHALL be dismissed without prejudice as to parties not timely served in accordance with Rule 4(i), Arizona Rules of Civil Procedure.

cc:

Plaintiff

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
02/12/2021 3:34PM
BY: ATUGMAN
DEPUTY

1  Kevin Garrison SB# 011860
   Stephen J. Martin SB# 033962
2  **GARRISON LAW FIRM**
   7972 W. Thunderbird Road, Suite 107
3  Peoria, AZ 85381
4  Telephone: (623) 915-1100
   Fax: (623) 435-8676
5  Attorneys for Plaintiff
   steve@garrisonlawfirm.com
6  kevin@garrisonlawfirm.com
7

8         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
          **IN AND FOR THE COUNTY OF MOHAVE**
9

10  MICHAEL KOSTERS, surviving son of          )   **No: S8015CV202100067**
    DOLLIE KOSTERS, deceased; individually and )
11  on behalf of all other statutory beneficiaries )
                        Plaintiffs,              )   **AFFIDAVIT OF DIRECT**
12                                              )   **SERVICE OUTSIDE**
                        v.                      )   **OF STATE**
13                                              )
14  SAFEWAY INC. a foreign corporation          )
    LANDL, LLC a foreign corporation            )
15  JOHN DOES AND JANE DOES 1-10                )
    ABC CORPORATIONS 1-10                       )
16  XYZ PARTNERSHIPS 1-10                        )
17                      Defendants               )
                                                )
18

19         Kevin Garrison, being duly sworn, upon oath, deposes and says as follows:

20         1.      I am the attorney for Plaintiff in this action and submit this Affidavit to

21  demonstrate the circumstances warranting the utilization of service of process authorized

22  by Rule 4.2(b), Arizona Rules of Civil Procedure, and to establish the completion of such

23  service.

24         2.      Defendant LandL, LLC is a Nevada limited liability corporation who has

25  caused an event to occur within this state which gives rise to Plaintiff's claims herein.

26  Defendant's statutory agent's current address is: 820 Saint James Lane Saint George, UT

27  84790.

28

3.     On January 26, 2021, I caused a Summons and a true copy of the Complaint in this action to be delivered to Scott Clifford, a person authorized to serve process under the laws of the state of Defendant's statutory agent Lyle Richins with a request that the papers be served upon Defendant's statutory agent Lyle Richins in accordance with the laws of such state.

4.     There is annexed to this Affidavit the original Affidavit of Service of Process, duly executed by Scott Clifford, evidencing that the Summons and Complaint in this action were served upon Defendant's statutory agent, Lyle Richins on January 29, 2021, at 12:47 p.m.

_____
Kevin Michael Garrison
Affiant

**SUBSCRIBED AND SWORN TO** before me the undersigned notary public, **IN WITNESS WHEREOF**, I hereto set my hand and seal.

_____
**NOTARY PUBLIC**

My Commission Expires:  2/19/2021



ANA LIEVANOS-ZAZUETA
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
February 19, 2021

**ORIGINAL** of the foregoing
filed with the Clerk of Court this
12 day of February, 2021.

Betty Hanger
**Sedgwick Claims Management Services, Inc.**
P.O. Box 14012
Lexington, KY 40512
Claim No: L1740847-0001

_____

# EXHIBIT A

**CERTIFICATE OF SERVICE**

| Case:<br>S8015CV202100067 | Court:<br>In The Superior Court of the State of Arizona, In and For The County of Mohave | County:<br>Mohave, AZ | Job:<br>5301961 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Michael Kosters, surviving son of Dollie Kosters, deceased; individually and on behalf of all other statutory beneficiaries | | Defendant / Respondent:<br>Safeway Inc., a foreign corporation; LandL, LLC, a foreign corporation; John Does and Jane Does 1-10; ABC Corporations 1-10; and XYZ Partnerships 1-10 | |
| Received by:<br>Utah Process Services | | For:<br>Garrison Law Firm | |
| To be served upon:<br>LandL, LLC | | | |

I, Scott Clifford, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

**Recipient Name / Address:**   Lyle Richins, By Serving Lyle Richins, Statutory Agent: 820 Saint James Lane, Saint George, UT 84790

**Manner of Service:**   Authorized, Jan 29, 2021, 12:47 pm MST

**Documents:**   Summons, Complaint, Certificate of Compulsory Arbitration

**Additional Comments:**
1) Successful Attempt: Jan 29, 2021, 12:47 pm MST at 820 Saint James Lane, Saint George, UT 84790
Documents were served and accepted by Lyle Richins, Authorized Agent (Age: 60; Ethnicity: Caucasian; Gender: Male; Weight: 240; Height: 5'10"; Hair: Brown)

_____        January 29, 2021
Scott Clifford                                            Date

Utah Process Services
2637 N. Washington Blvd., Ste. 236
North Ogden, UT 84414
801-689-2902